UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN BARTIS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:13-CV-00657-JAR |
| BIOMET, INC, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Cynthia and Ronald Boden's ("Movants") Motion for Joinder or in the Alternative Intervention. (Doc. 74). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns hip replacement surgeries implanting a M2a-Magnum metal-on-metal artificial hip ("Magnum") manufactured and marketed by Defendants (collectively "Biomet"). As this Court has previously explained, the Magnum is a three-piece device: a surgeon attaches the "acetabular cup" to the hip bone, removes the top of the femur, installs a taper insert and new artificial femoral head, and then seats the femoral head into the acetabular cup. (Doc. 54 at 1). Like Plaintiffs John Bartis and Guan Hollins,[1] Cynthia Boden allegedly received a Magnum hip implant which failed, requiring revision surgery. (Doc. 74-2 at ¶¶ 25-31). Movants seek damages resulting from the alleged failure of the Magnum and request to join or intervene in the instant case. Movants

---

[1] This Court refers to John Bartis, Guan Hollins, and Lisa Hollins collectively as Plaintiffs, but notes that Jack and Judith Gowens remain party to this case. It appears that the Gowens have settled their claims (Doc. 74-1 at 2), though no voluntary dismissal has been filed. Biomet similarly refers only to the Bartis and Hollins plaintiffs as the "Consolidated Plaintiffs" in its briefing. (Doc. 75 at 1 n.1).

allege strict products liability, including failure to warn, as well as negligence, breach of warranty, negligent and fraudulent misrepresentation, and fraudulent concealment. (Doc. 74-2).

This litigation has a long history. John Bartis filed his complaint against Biomet in this Court on April 8, 2013. (Doc. 1). Bartis was one of hundreds of individuals who filed suit across the country alleging defects with the Magnum, and these cases (including Plaintiffs') were joined into *In re Biomet M2a Magnum Hip Implant Prods. Litig.*, MDL-2391. Many plaintiffs in the MDL settled, and Plaintiffs' cases were among those remanded to the transferring courts for independent consideration in 2018. Plaintiffs subsequently filed a motion to consolidate (Doc. 28), which this Court granted after extensive consideration. (Doc. 54). Movants now seek to join or intervene in the consolidated action.

## II.   DISCUSSION

### A.   Motion for Joinder

Pursuant to Fed. R. Civ. P. 20(a)(1), a plaintiff may be joined if they "(A) assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." The first portion of this test, Fed. R. Civ. P. 20(a)(1)(A), requires a "transactional link." *Private Lenders Grp., Inc. v. Does 1-17*, 294 F.R.D. 513, 516 (E.D. Mo. 2013) (quoting *DIRECTV v. Loussaert*, 218 F.R.D. 639, 642 (S.D. Iowa 2003)). Determining if a transactional link exists demands a "case by case approach," though the Eighth Circuit has advised that "'transaction' is a word of flexible meaning . . . depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). The second element of the permissive joinder test requires commonality, much like Fed. R. Civ. P. 23(a)(2). *Id.* at 1334. A district court has broad discretion

to determine whether joinder is appropriate. *Robinson v. Midwest Division-RMC, LLC*, No. 4:19-CV-0934-SRB, 2020 WL 3317614, at *2 (W.D. Mo. June 18, 2020) (citations omitted).

This Court acknowledges that the Eighth Circuit has adopted a "very broad" interpretation of the transactional link requirement. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010).[2] But even under such a broad interpretation, this Court does not believe that Movants' injuries are transactionally linked to those of Plaintiffs. Movants' only argument is, essentially, that Cynthia Boden also received a Magnum hip implant and required revision surgery. As demonstrated by Biomet's effective table (Doc. 75 at 5), Cynthia Boden received care from different medical providers and, most critically, her implantation date was September 15, 2011, roughly four years after those of Plaintiffs John Bartis and Guan Hollins. Movants acknowledge that Cynthia Boden's physician likely received different Instructions for Use ("IFU") from Biomet due to this time lapse, which will be relevant to the failure to warn claims at minimum. (Doc. 76 at 3 n.1).[3] When granting consolidation of Plaintiffs' claims, this Court specifically highlighted that "because the implantations occurred in close temporal proximity, the applicable instructions for use, marketing literature, and general medical understanding of the risks and benefits associated with the device would have been largely the same." (Doc. 54 at 4-5). The same cannot be said for Movants' claims.

This Court is particularly influenced by precedent regarding permissive joinder in the medical context. In *Hyatt v. Organon USA, Inc.*, the court found no transactional link existed

---

[2] Movants rely heavily on language adopted by the Eighth Circuit in *Prempro*. The Court notes, however, that *Prempro* concerns the issue of fraudulent misjoinder, which requires a showing that claims are "egregiously misjoined." *Prempro*, 591 F.3d at 623. The court in *Prempro* specifically emphasized that it was "mak[ing] no judgment on whether the plaintiffs' claims are *properly* joined under Rule 20." *Id.* at 624.

[3] Movants briefly contend that the use of different IFUs is not material due to the learned intermediary doctrine. (Doc. 76 at 3 n.1). But the learned intermediary doctrine does not render the IFU irrelevant or immaterial, and assessing a new IFU would further complicate this litigation. *See Pitlyk v. Ethicon, Inc.*, No. 20-CV-00886-SRB, 2020 WL 8214-73, at *3 (E.D. Mo. Sept. 2, 2020).

between plaintiffs who used the same prescription drug. No. 4:12-CV-1248 RWS, 2012 WL 4809163 (E.D. Mo. Oct. 10, 2012). Movants argue that *Hyatt* is distinguishable because the court found venue was improper, which is technically true, but the court addressed venue separately from misjoinder. The plaintiffs in *Hyatt* did have different injuries, but it is not yet apparent in this case whether Movants suffered precisely the same injuries as Plaintiffs. *Boschert v. Pfizer, Inc.* is also persuasive. No. 4:08-CV-1714 CAS, 2009 WL 1383183 (E.D. Mo. May 14, 2009). In *Boschert*, the court determined that plaintiffs who ingested the same drug were misjoined specifically because "the prescriptions were provided through different health care providers, and the drug was taken at different times for various durations." *Id.* at *3.

     Having carefully reviewed the record, this Court concludes that the simple fact that Cynthia Boden also received a Magnum hip implant four years after Plaintiffs John Bartis and Guan Hollins from different medical providers relying on updated IFUs is not a sufficient logical connection to satisfy the transactional link requirement for permissive joinder. Even if a transactional link existed, this Court would deny the motion in its discretion. *See Holman v. State Farm Gen. Ins. Co.*, No. 90-4205-CV-C-9, 1991 WL 219425, at *3 (W.D. Mo. Oct. 9, 1991) ("Even though the requirements of Rule 20 are met, permissive joinder rests within the sound discretion of the district court."). At this late stage of litigation and after the parties proceeded through MDL discovery, this Court is not persuaded that joinder of Movants' claims would serve the interests of judicial economy. *See* 7 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1653 (3d ed.) (Transaction and commonality requirements are "to be read as broadly as possible *whenever doing so is likely to promote judicial economy*." (emphasis added)). Accordingly, the motion for permissive joinder will be denied.

B. <u>Motion for Intervention</u>

Pursuant to Fed. R. Civ. P. 24(b)(1)(B), this Court may permit Movants to intervene if they have "a claim or defense that shares with the main action a common question of law or fact." Even when a party meets the criteria for permissive intervention, however, the court's decision on such a motion remains "wholly discretionary," and reversal of a decision denying permissive intervention is "extremely rare, bordering on non-existent." *South Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). In exercising such discretion, the primary factor for this Court to consider is "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1009 (8th Cir. 2007).

As discussed above, John Bartis filed suit in this Court in 2013. Plaintiffs' cases were in the MDL for years before being remanded and eventually consolidated before this Court. In *Alan Curtis LLC*, the Eighth Circuit recognized as appropriate the district court's consideration of the motion for intervention being filed more than a year after the initial complaint. In this case, we are nearly eight years out. Substantial discovery has occurred through the MDL, and this Court has already consolidated Plaintiffs' claims. This Court is particularly cognizant that Movants' claims involve unique discovery and distinct legal considerations because Cynthia Boden received her implantation roughly four years after Plaintiffs. Furthermore, because Movants' complaint will have been filed after August 28, 2020, Movants' anticipated claims for punitive damages will be subject to different pleading rules and legal standards under the newly enacted MO. REV. STAT. § 510.261. *See Nosker v. Gill Bros. Trucking*, No. 06-0286-CW-W-REL, 2006 WL 1798089, at *6 (W.D. Mo. June 28, 2006) ("Because this case has been pending for nearly a year, and because the law would differ as applied to plaintiffs and intervenors, the motion for permissive intervention is denied.").

This Court finds in its discretion that intervention will unduly delay the adjudication of this complex case. Nearly eight years after John Bartis filed his initial complaint and with substantial discovery having occurred in a lengthy MDL, this Court holds that the inclusion of factually distinguishable claims partially subject to different legal standards adds unnecessary complexity to this already protracted litigation. Permissive intervention is not warranted under such circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Cynthia and Ronald Boden's Motion for Joinder or in the Alternative Intervention (Doc. 74) is **DENIED**.

Dated this 4th day of February, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE