## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOHN BARTIS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:13-CV-00657-JAR |
| BIOMET, INC., et al., | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Compel Discovery Responses. (Doc. 84). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be granted in part.

**I.   BACKGROUND**

In this consolidated action, Plaintiffs allege that they suffered substantial injuries from the implantation of an artificial hip manufactured and marketed by Defendants. Plaintiff Guan Hollins ("Hollins") claims that he will continue to experience pain and lack of mobility due to the allegedly defective device. *Hollins v. Biomet, Inc., et al.*, 4:18-CV-2093, Doc. 1 at ¶ 28. In response to an interrogatory by Defendants, Hollins admitted that he consistently wears a Fitbit which tracks his number of steps, heart rate, and sleep. (Doc. 84-2 at 3). Defendants requested production of all data from the Fitbit and any other wearable device or other fitness tracker used by Hollins. (Doc. 84-1 at 7-8). Hollins initially objected that the requests are "overly broad, unduly burdensome, not properly limited in time and scope, [ ] not calculated to lead to the discovery of admissible evidence," and that he is unable to obtain the information. (*Id.*). Hollins supplemented this response by stating that fitness tracker data is potentially unreliable and he did not begin wearing

1

the Fitbit until eight months after his revision surgery explanting the artificial hip. (Doc. 84-3 at 2-3). Defendants now seek an order from this Court compelling Hollins to produce the requested data.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See also* Fed. R. Civ. P. 34 (discussing production of electronically stored information). A party may move to compel production when another party fails to produce requested electronically stored information ("ESI"). Fed. R. Civ. P. 37(a)(3)(B)(iv).

A district court has considerable discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015). Discovery rules, moreover, are "broadly and liberally construed in order to serve the purpose of discovery," which is to "provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Roberts v. Prime Transp. Inc.*, No. 1:09-CV-46 LMB, 2009 WL 2913917, at *1 (E.D. Mo. Sept. 4, 2009) (internal quotations omitted); *see also Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) ("Rule 26(b) . . . is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence.").

2

**III.     ANALYSIS**

Defendants argue that the ESI sought is directly relevant to causation and damages because Hollins' "claims of permanent injury are central to this lawsuit" and if Hollins "were walking or running miles every day, the impact on the validity of his claim would be crucial." (Doc. 84 at 4-5). Hollins responds that he has never claimed difficulty walking or jogging and Defendants' request for production amounts to a fishing expedition. (Doc. 86 at 3-5). This Court finds that Hollins' post-explantation activity levels are relevant and a portion of the Fitbit data should be produced, especially given the extremely low burden of production.

There is surprisingly little precedent on this issue given the ubiquitous presence of wearable devices. In a New York state case, the defendant sought disclosure of plaintiff's Fitbit records to determine how plaintiff managed to lose 50 pounds following a car accident despite her injuries. *Spoljaric v. Savarese*, No. 608838-2017, 2020 WL 611911, at *3 (N.Y. Sup. Ct. Jan. 28, 2020). The court described defendant's request as an "overly broad fishing expedition not based upon any supportable evidence" and noted that diet is more important than exercise when it comes to weight loss. *Id.* (internal quotation omitted). At least one federal court has recognized, however, that "a mobile app that indicates Plaintiff performs strenuous activities may be relevant to claims of injury or disability." *Cory v. George Carden Int'l Circus, Inc.*, No. 4:13-CV-760, 2016 WL 3460781, at *2 (E.D. Tex. Feb. 5, 2016). Like most discovery disputes, the discoverability of wearable device data depends upon the facts of the particular case.

Hollins claims that he suffers permanent physical injuries due to implantation of Defendants' allegedly defective artificial hip. Hollins began wearing the Fitbit approximately eight months after his explantation surgery. At his deposition, Hollins admitted that he can walk over a mile without pain or discomfort, move furniture, jog, and climb stairs. (Doc. 86 at 2-3).  Instead, Hollins' long-term damages claims "concern activities that are more demanding on the hips, like

3

basketball and softball." (*Id.* at 5-6). Hollins' admission that he can walk and jog without pain or discomfort certainly diminishes the Fitbit data's relevance. As Defendants note in reply, however, Hollins has not been entirely consistent on this front. In response to an interrogatory, Hollins specifically stated that he "has difficulty walking due to pain." (Doc. 90-1 at 4). Plaintiffs' expert designations also reference difficulty walking. (Doc. 90-2 at 4).

Considering the liberal discovery rules, minimal burden of production, and limited privacy risks, this Court will require production of a portion of the Fitbit data. A plaintiff's wearing of an activity tracker like a Fitbit does not warrant a fishing expedition into the data from such device. *See Hofer*, 981 F.2d at 380 (Liberal standard of relevance "should not be misapplied so as to allow fishing expeditions in discovery."). But in this case, the extent of Hollins' physical activity is relevant to his claims of long-term physical injury. Hollins broadly alleges that he suffers long-term pain and lack of physical mobility due to the allegedly defective hip implant. Hollins' supposed ability to walk or jog short distances without discomfort does not render the Fitbit data completely irrelevant, as the data could reveal that Hollins is walking or jogging substantial distances. Hollins' objection speaks to the Fitbit data's weight, not its discoverability. Hollins has also not been entirely consistent as to whether he experiences pain while walking.

Finally, Hollins argues that Fitbit data is unreliable. This argument clearly goes to admissibility and weight, not discoverability. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). No inquiry into the reliability of Fitbit data is necessary at this juncture. This Court finds the Fitbit data relevant and reasonably calculated to lead to the discovery of admissible evidence. Hollins will be ordered to produce his Fitbit data, provided that he may redact any information concerning his heart rate, sleep records, or physical location as such information is entirely irrelevant and raises privacy concerns.

4

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Discovery Responses (Doc. 84) is **GRANTED in part**. Plaintiff Guan Hollins shall produce all data, including step counts, from his Fitbit from the time he began wearing the device through the present date. Hollins may redact any information concerning his heart rate, sleep records, or location, as such information is not relevant to this litigation and raises privacy concerns.

Dated this 24th day of May, 2021.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE